**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE M. PARKER,

      Petitioner-Appellant,

v.

MICHAEL A. LANSING,
Commandant, USDB,

      Respondent-Appellee.

No. 00-3282
(D.C. No. 00-CV-3027-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **HENRY, PORFILIO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Wayne M. Parker appeals from the district court's order denying him habeas relief pursuant to 28 U.S.C. § 2241 on claims challenging a prison disciplinary conviction and the underlying disciplinary proceeding. A pleading filed with this court indicates that petitioner is no longer incarcerated, and this court issued an order directing appellant to show cause why this appeal should not be dismissed for lack of a case or controversy, as required by Article III of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1988).

In response to the show cause order, appellant contends that his right of access to the courts has been hindered or abridged by an inadequate prison library and by appellee's seizure of legal materials, which seizure lead to the prison disciplinary proceeding. While admitting that he was able to secure a partial reversal of the conviction underlying his incarceration in the Army Court of Criminal Appeals, appellant asserts: "There is no way of telling whether legal materials and documents unlawfully seized . . . would have fully vindicated [appellant]." Response at 2. He asserts this as actual injury traceable to appellee and as collateral consequences which demonstrate the existence of a continuing case or controversy in this appeal.

We conclude that appellant has not demonstrated collateral consequences. His habeas complaint before the district court did not assert an access to courts claim, and, had he done so, such claim would not have been cognizable in a

habeas proceeding. His assertion of actual injury is speculative and conclusory. Further, appellant's habeas claims about the prison disciplinary proceeding and disciplinary conviction did not implicate his underlying conviction, *cf. Spencer*, 523 U.S. at 8 (concluding appeal of habeas denial was moot where petitioner did not attack his underlying convictions). Finally, he has demonstrated no "concrete and continuing injury," *id.* at 7, flowing from his conviction or the district court's denial of his habeas petition. Because appellant has not demonstrated collateral consequences, we conclude the appeal is moot. *See id*.

Accordingly, this appeal is DISMISSED as moot.

Entered for the Court

Michael R. Murphy
Circuit Judge